IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AVANTE INTERNATIONAL
TECHNOLOGY,

Plaintiff,

v.

HART INTERCIVIC, INC.,

Defendant.                                              No. 07-cv-0169-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Defendant's objections to Magistrate Judge's Order denying entry of protective order (Doc. 84). Specifically, Hart Intercivic, Inc. objects to Magistrate Judge Proud's March 20, 2008 Order denying entry of a protective order (Doc. 77). Defendant states that the entry of a mutually agreed upon protective order is necessary to protect the parties' confidential and trade secret information. Defendant maintains that Judge Proud's Order denying the motion for protective order is based on a misapplication of the law. Based on the following, the Court overrules Defendant's objections.

**Local Rule 73.1(a)** provides:

Any party may file for reconsideration of a Magistrate Judge's order determining a motion or matter under Local Rule 72.1(c) within ten (10) days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. Such party shall file with the Clerk of the Court, and serve

> on the Magistrate Judge and all parties, a written request for reconsideration which shall specifically designate the order, or part thereof, that the parties wish the Court to reconsider. A District Judge of the Court shall reconsider the matter and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer***, **470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948)); *See also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.")**. "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." ***American Motors Corp. v. Great American Surplus Lines Insurance Co.*, 1988 WL 2788 at * 1 (N.D. Ill. 1988)**.

Here, Defendant argues that Judge Proud erred in treating (1) Defendant's "efforts to obtain a protective order intended to control the private

exchange of discovery that is not (and likely never will be) filed with the Court or used at trial and (2) a hypothetical request to seal confidential material actually submitted to the court, as identical and interchangeable concepts." The Court finds that Defendant has not established that Judge Proud's Order was clearly erroneous or contrary to the law. The Court agrees with Judge Proud's Order in that the proposed protective order is too broad. Without more specificity, no party or interested member of the public can determine which information is deemed confidential. Further, Defendant contends that the proposed protective order in this case is less restrictive than a previous protective order entered by Magistrate Judge Proud in ***Showmaker v. Growmark, Inc.*, 03-4090-MJR (Doc. 48)**. Given the volume of filings, it is perhaps predictable that a judge might approve a protective order that may have been denied or modified had time permitted more deliberate consideration. It is not surprising that complete consistency does not exist among the protective orders. However, the undersigned cannot speculate on the circumstances surrounding the approval of the ***Showmaker*** protective order.

Accordingly, the Court **OVERRULES** Defendant's objections to Magistrate Judge's Order denying entry of protective order (Doc. 84).

**IT IS SO ORDERED.**

Signed this 25th day of June, 2008.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**